# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| MAURICE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-14-CEJ |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on review of plaintiff's pro se complaint [Doc. #1] and motion for leave to proceed in forma pauperis [Doc. #2]. In addition, plaintiff has filed a Notice [Doc. #4], stating that the St. Louis City Justice Center ("SLCJC") is refusing to provide him with a certified copy of his inmate account statement. Under these circumstances, the court will grant plaintiff in forma pauperis status and will not assess him an initial partial filing fee at this time. Moreover, for the following reasons, the court will instruct plaintiff to file an amended complaint on a court form in accordance with the instructions set forth below.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992).

**The Complaint**

Plaintiff, an inmate at the SLCJC, seeks monetary relief in this 42 U.S.C. § 1983 action against nine defendants: the City of St. Louis, Burton Barr (Chaplain), Richard Gray (Director), Melvin Diggs (Correctional Officer), Sydney Turner (Correctional Officer), Len Crenshaw (Superintendent), Irene Mitchell, Dale Glass

(Commissioner), and Unknown Irving (Correctional Officer). Plaintiff generally and summarily alleges that "all defendants" are refusing to provide him with Kosher meals "or religious materials associated with [plaintiff] being Jewish." In addition, plaintiff claims that "all defendants" are keeping him confined in a cell for 23 to 24 hours per day, and he is not being allowed time for physical exercise. Plaintiff also asserts general claims, not directed against any of the named defendants, for unlawful strip searches and food served at dangerous temperatures.

**Discussion**

The Court has reviewed the complaint under 28 U.S.C. § 1915(d) and believes that, while plaintiff may be able to state a claim of denial of his Constitutional rights, he has not properly set forth as to each named defendant the specific facts and allegations supporting his conclusion that his constitutional rights were violated. In addition, plaintiff has failed to number the paragraphs in the complaint, and the allegations are mostly conclusory and, therefore, insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth).

Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant him time to file an amended complaint on a

court-provided form in accordance with the instructions set forth below. Specifically, in the "Caption" section of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim" section, plaintiff shall start by writing the first defendant's name and stating whether he is suing that defendant in his or her individual and/or official capacity. Next, under the defendant's name, plaintiff shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated. When possible, plaintiff should also include relevant dates or time periods in his allegations. If plaintiff is suing more than one defendant, he shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated. Plaintiff should not attach any exhibits to his amended complaint; all his claims should be clearly set forth in the "Statement of Claim" section.

Plaintiff is reminded that he is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise,

and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim."

Because plaintiff will be allowed to amend his complaint, the Court will take no action as to the named defendants at this time. Plaintiff is advised that the amended complaint will replace the original complaint and will be the only pleading this Court reviews. *See, e.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Claims asserted in the original complaint will not be considered unless they are asserted in the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED** and no initial partial filing fee will be assessed at this time.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue on the complaint at this time.

**IT IS FURTHER ORDERED** that, consistent with the instructions set forth

in this Memorandum and Order, plaintiff shall file an amended complaint **on or before April 4, 2015**.[1]

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff three court-provided forms for filing a prisoner complaint pursuant to 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice and without further notice.

Dated this 3rd day of March, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] For his amended complaint, plaintiff shall use the court-provided form for filing a prisoner complaint pursuant to 42 U.S.C. § 1983.