UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MAURICE WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:15-CV-14-CEJ |
| CITY OF ST. LOUIS, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on review of plaintiff's amended complaint [Doc. #7]. After having carefully reviewed plaintiff's allegations, and for the reasons stated below, this action will be dismissed as legally frivolous and for failure to state a claim or cause of action. *See* 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the court must engage in a two-step inquiry. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id*. Second, the court must determine whether the complaint states a plausible claim for relief. *Id.* at 680-82. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 681. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681-82. When faced with alternative explanations for the alleged misconduct, the court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.*

In reviewing a pro se complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the

plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Amended Complaint

On March 3, 2015, plaintiff was ordered to file an amended complaint in accordance with the court's specific instructions, to wit:

> [I]n the "Statement of Claim," plaintiff shall start by typing the first defendant's name and state whether he is suing that defendant in his or her individual and/or official capacity. Next, under the defendant's name, plaintiff shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated. When possible, plaintiff should also include relevant dates or time periods in his allegations. If plaintiff is suing more than one defendant, he shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated. Plaintiff should not attach any exhibits to his amended complaint; all his claims should be clearly set forth in the "Statement of Claim."

[Doc. #5].

Plaintiff filed his amended complaint on or about March 13, 2015 [Doc. #7]. Plaintiff, an inmate at the St. Louis City Justice Center, brings this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc-1 *et seq.* Named as defendants are the City of St. Louis, Burton Barr (chaplain), Richard Gray (director), Melvin Diggs

(correctional officer), Sydney Turner (correctional officer), Len Crenshaw (jail superintendent), Irene Mitchell (jail employee), Dale Glass (commissioner), and Unknown Irving (correctional officer). Plaintiff generally and very briefly alleges that he is not being served kosher meals, he is confined 23-24 hours per day in unsanitary conditions, food is served at unsafe temperatures, and he is subjected to regular strip searches. Plaintiff sues defendants in both their individual and official capacities.

## Discussion

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the City of St. Louis. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Official-capacity suits are tantamount to suits brought directly against the public entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a claim against a public entity or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation. *Brandon v. Holt*, 469 U.S. 464, 473 (1985); *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). Because plaintiff does not make such a claim in the instant case,

the complaint fails to state a claim or cause of action against defendants in their official capacities, as well as the City of St. Louis.

With respect to plaintiff's individual-capacity claims, he summarily alleges against each defendant: "Refused to provide kosher meals pursuant to RLUIPA, allows confinement 23-24 hrs. per day in unsanitary conditions and food served at unsafe temperatures." Regarding defendants Mitchell, Glass, and Irving, plaintiff further states, "Regular strip searches."

Plaintiff's conclusory claims will be dismissed for failure to state a claim or cause of action against the named defendants. Despite the court's explicit instructions, plaintiff has failed to plead sufficient facts to state a claim for relief that is plausible on its face relative to his claims concerning kosher meals, strip searches, unsanitary prison conditions, and food temperature. Plaintiff's allegations are mere legal conclusions and threadbare recitals of the elements of a cause of action, which are not entitled to the assumption of truth. Because there are no *non-conclusory allegations* that would show defendants impinged upon plaintiff's rights under § 1983 and/or RLUIPA, the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557; *see Iqbal*, 556 U.S. at 677-78 (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are

not entitled to the assumption of truth); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *see also Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (theory of supervisory liability is inapplicable in § 1983 suits); *Blake v. Cooper*, 2013 WL 523710, *1 (W.D. Mo. Feb. 12, 2013) (RLUIPA does not authorize individual-capacity claims against prison officials).

For these reasons, the court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk of Court shall not cause process to issue on the amended complaint, because it is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #8] is **denied as moot**.

Dated this 17th day of June, 2015.

_____
**UNITED STATES DISTRICT JUDGE**